# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM F. (GUS) SULLIVAN and KENT JASPERSON, <br><br> Plaintiffs <br><br> v. <br><br> NYE COUNTY, <br><br> Defendant | Case No.: 2:19-cv-00857-APG-BNW <br><br> **Order Denying Motion to Dismiss and Granting Motion to Remand** <br><br> [ECF Nos. 5, 19] |

Plaintiffs William Sullivan and Kent Jasperson filed suit in state court asserting claims against Nye County for violations of Nevada Revised Statutes Chapter 613 and the federal Equal Pay Act, 29 U.S.C. § 206. ECF No. 1-1. Nye County removed the case to this court on the basis of federal question jurisdiction. ECF No. 1. Nye County then moved to dismiss, arguing that the Equal Pay Act and Chapter 613 do not apply to elected officials like the plaintiffs, who are Justices of the Peace. ECF No. 5. In response, the plaintiffs voluntarily dismissed their Equal Pay Act claim. ECF No. 20. They subsequently moved to remand their Chapter 613 claim to state court. The defendants oppose remand, arguing I should exercise supplemental jurisdiction over the remaining state law claim.

I deny as moot Nye County's motion to dismiss the Equal Pay Act claim because the plaintiffs have voluntarily dismissed that claim. The plaintiffs' remaining claim arises under state law. I may decline to exercise supplemental jurisdiction over a state law claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances,

there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). If one of these factors is present, I consider whether exercising supplemental jurisdiction promotes economy, convenience, fairness, and comity. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Whether to decline supplemental jurisdiction under § 1367(c) lies within my discretion. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090 (9th Cir. 2008).

The plaintiffs have dismissed the only claim supporting original jurisdiction in this court. The plaintiffs originally brought suit in state court, and now that the claim supporting removal has been dismissed, remand is appropriate. The remaining claim raises only Nevada state law issues that should be resolved by the Nevada court. The case has not progressed so far in federal court that concerns about economy or convenience are implicated. I therefore decline to exercise supplemental jurisdiction over the state law claim, and I remand this case to the Fifth Judicial District Court, Nye County, Nevada.

IT IS THEREFORE ORDERED that defendant Nye County's motion to dismiss **(ECF No. 5) is DENIED**.

IT IS FURTHER ORDERED that the plaintiffs' motion to remand **(ECF No. 19) is GRANTED**. The case is remanded to the Fifth Judicial District Court, Nye County, Nevada for all further proceedings. The clerk of the court is instructed to close this case.

DATED this 18th day of July, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE